Fred. Aye, Albert Aye, R. S. Martin, R. L. Brown, J. R. Smith, W. H. H. Piper and G. W. Reese, Appellants, v. The Philadelphia Company.

*Lease—Oil and gas lease—Notice—Recording act—Possession.*

Where the lessees in an oil lease fail to put their lease on record and never go into actual possession or occupation of the land, their title may be cut out by that of a subsequent purchaser for value without notice. The drilling of a well in the vicinity, but on another farm, while pro tanto a fulfilment of their covenant with their lessor, is not sufficient to put any one else on inquiry.

Argued Oct. 9, 1899.   Appeal, No. 58, Oct. T., 1899, by plaintiffs, from judgment of C. P. Armstrong Co., June T., 1897, No. 122.   Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL, FELL and BROWN, JJ.   Affirmed.

Ejectment for land in Kittanning township.   Before RAY-BURN, P. J.

The facts appear by the charge of the court, which was as follows :

At and prior to July 11, 1887, Matthew Louden was the owner of a tract of land in Kittanning township.   At that date, namely, July 11, 1887, he made a lease of that tract of land to R. S. Martin, for the purpose of having the same developed for oil and gas.   By the terms of that lease, the lessees, Martin and Aye, who had an interest in it, agreed to put a well down upon the piece of property—not upon that piece of property, but upon a piece of property in the vicinity of this—as a test well.   The evidence shows that there were a certain number of leases taken by Martin and these other men, and the agreement was that there was to be a test well put down in the vicinity.   Now, the evidence shows the test well was put down in the vicinity, in accordance with the terms of this lease ; that is, it was put down on the McClune farm.   By an arrangement and agreement between Martin and Aye Brothers, and with Messrs. Brown, Piper, Smith and Reese, the other plaintiffs in this case, they became interested in the lease, and I believe

there was another well put down in the vicinity. Some friction
arose between these parties that held the lease upon this piece
of property in reference to the development of the property
they had leased in that neighborhood, and there was nothing
further done towards developing the property at that time; and
on October 3, 1891, Matthew Louden leased this same property,
for the purpose of having it developed for oil and gas, to W. C.
Bailey & Brothers. On June 13, 1892, W. C. Bailey & Brothers
sold or assigned these leases they had taken, including the lease
in controversy here, as to the property of Louden, to the defend-
ant. Now the question to be determined here is: Whether or
not the plaintiffs here have a right to recover the possession of
the property in suit, for the purpose of developing it for oil and
gas, and eject the Philadelphia Company from the possession
of it? The evidence does not seem to be very much in dispute
as to the occupancy of the land, and as to the fact that these
leases were given; and as we consider it, it is partly a question
of law in this case, and after the court instructs you upon the
law, that if you find certain facts, your verdict will be so and
so, we think you will not have much difficulty in the matter.

You will recollect the evidence shows in this case that, at the
time Bailey got the lease from Louden, Mr. Louden told Bailey
that there was an existing lease, that is, the Martin lease was
out, and that thereupon Bailey agreed to protect Louden as
against that lease. Now the evidence shows that at the time
this lease was transferred to the defendant company by Bailey
and his brothers, there was no notice of the fact of the pre-exist-
ing lease given to the Philadelphia Company. You have the
evidence of Mr. Truby that he did this business for the defend-
ant company, purchased the leases and paid for them; that he
had no notice of the pre-existing lease, nor was there any notice
given him by Bailey, as Bailey testifies; and he also states that
he examined the records of Armstrong county and that he
found no lease upon record, and it is a fact undisputed, that
the lease of the plaintiffs here of this property never was placed
upon the record. Now, as we view the law in this case, it
appearing from the evidence, if you find the evidence to be cor-
rect, that the defendant purchased these leases, including the
one in suit, from Mr. Bailey, and they had no notice of the prior
lease, the existence of it, that they were bona fide purchasers

for value of these leases; that they are not bound by the existence of the former lease; they being bona fide purchasers for value, why, they had no notice of the existing rights of these parties prior to the time they had entered into the contract of purchase and paid their money. That being the fact, gentlemen, you would find that to be a fact, it would be your duty to find in this case a verdict for the defendant.

We think it is not necessary to instruct you anything on the question of abandonment. From the evidence and law in this case it would be unnecessary for you to take that into consideration; it would be, of course, if this were an action of ejectment against Bailey for the occupancy of the land, he having had notice from Louden of the pre-existence of this lease, he would be estopped from setting up that as a defense; but you have here the further fact of the sale to these men, and the evidence not showing that the defendant company had any notice of the existence of the lease, and they having paid a valuable consideration for it and entered into a contract, the contract being fully executed before any notice was brought to them, it would be your duty to find a verdict for the defendant in this case.

Verdict and judgment for defendant. Plaintiffs appealed.

*Error assigned* among others was in giving binding instructions for defendant.

*M. F. Leason,* with him *J. B. Neal, John H. Painter* and *W. D. Patton,* for appellants.—The assignee of a chose in action cannot have greater rights than had his assignor: Henderson v. Ferrell, 183 Pa. 554; Williams v. Downing, 18 Pa. 60.

Leases for years, under twenty-one years, accompanied by possession, need not be recorded; nor assignments of such: Venture Oil Co. v. Fretts, 152 Pa. 451.

*William Scott,* with him *Orr Buffington, John Dalzell* and *George B. Gordon,* for appellee.—An oil and gas lease is within the recording acts: Act of March 18, 1775, sec. 1, 1 Sm. L. 422; Act of May 19, 1893, P. L. 108; Brotherton v. Livingston, 3 W. & S. 334.

The plaintiffs' lease is not within the exception pertaining to leases for less than twenty-one years.

Notice to Bailey, defendant's assignor, of the plaintiffs' lease, does not affect the defendant as a good faith purchaser from Bailey without notice: Phillips v. Stroup, 1 Monaghan, 517; Good v. Bausman, 6 W. N. C. 93; Appeal of the Phillipsburg Savings Bank, 10 W. N. C. 265; Davis v. Barr, 9 S. & R. 137; Mott v. Clark, 9 Pa. 399; McMasters v. Wilhelm, 85 Pa. 218.

The defendant showed lawful possession under its lease: Koch and Balliet's App., 93 Pa. 434; Ray v. Natural Gas Co., 138 Pa. 576; Venture Oil Co. v. Fretts, 152 Pa. 451; Elk Fork Oil & Gas Co. v. Jennings, 84 Fed. Rep. 839; Whitcomb v. Hoyt, 30 Pa. 403; Kreutz v. McKnight, 53 Pa. 319; Callen v. Ferguson, 29 Pa. 247; DuBois v. Baum, 46 Pa. 537; Miller v. Henlan, 51 Pa. 265; Russell v. Baughman, 94 Pa. 400.

OPINION BY MR. JUSTICE MITCHELL, November 6, 1899:

Plaintiffs failed to put their lease on record, and never went into actual possession or occupation of the land. The drilling of a well in the vicinity, but on another farm, while pro tanto a fulfilment of their covenant with their lessor, was not sufficient to put any one else on inquiry, and they thus left their title open to be cut out by that of a subsequent purchaser for value without notice. The defendant occupies that position. With nothing on the land to put it on inquiry, and no knowledge or notice in fact of the prior lease, it had a right to rely on the record that showed a clear title in the lessor. The knowledge of the assignor of the lease, Bailey, not being communicated to it, could not affect it in any way.

Judgment affirmed.